IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY VAUGHN and THERESA TRAVERS,<br><br>       Plaintiffs,<br>   v.<br><br>BAY ENVIRONMENTAL MANAGEEMNT, INC., CAESAR NUTI, DENNIS VARNI, MARIO AQUILINO, LOYD BONAFANTE SR., JOSEPH DELLA ZOPPA, ESTATE OF RICHARD GRANZELLA SR., EDWARD MENOSSE, PASQUALE PARENTI, FSC SECURITIES CORPORATION, and JERROLD N. WEINBERG,<br><br>       Defendants.<br>_____<br>FSC SECURITIES CORPORATION and JERROLD N. WEINBERG,<br><br>Cross-Claimants,<br><br>v.<br><br>BAY ENVIRONMENTAL MANAGEMNT INC., ESTATE OF PINA J. BARBIERI, CAESAR NUTI, and DENNIS VARNI,<br><br>Cross-Defendants.<br>_____ | Case No. 03-5725 SC<br><br>SUA SPONTE ORDER FOR NOTICE OF CLASS CERTIFICATION TO <u>CLASS MEMBERS</u> |

     This Court recently certified two classes pursuant to a Motion to Certify Class submitted by Plaintiffs. Docket No. 134 ("Order"). Defendants Bay Environmental Management, Inc., Caesar

Nuti, Dennis Varni, the Estate Of Pina Barbieri, FSC Securities Corporation and Jerold Weinberg do not oppose certification, have jointly stipulated with Plaintiffs that certification of the classes is proper.[1]  Docket No. 134 ("Order"); Docket No. 112 ("Mot."); Docket No. 133 ("Stipulation").  The Court granted the request and certified the class pursuant to Rule 23(b)(1)(A), 23(b)(1)(B), and/or 23(b)(2) of the Federal Rules of Civil Procedure.  Docket No. 134.

The Court notes that a Rule 23(b)(1)(B) class is particularly appropriate in cases that involve charges of "a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of beneficiaries, requiring an accounting or similar procedure to restore the subject of the trust."  Ortiz v. Fibreboard Corp., 527 U.S. 815, 834 (1999) (citation omitted).  Plaintiffs are bringing this suit under section 502(a)(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(2), which permits them only to recover for losses to an ERISA plan, 29 U.S.C. § 1109(a).  Such an ERISA suit is an appropriate context for certifying a non-opt out class under 23(b)(1)(B).  See In re Syncor Erisa Litig., 227 F.R.D. 338, 346-47 (C.D. Cal. 2005) (certifying class under Rule 23(b)(1)(B); see also Colesberry v. Ruiz Food Prods., No. 04-5516, 2006 U.S. Dist. LEXIS 45024, *15-16 (E.D. Cal. June 30, 2006) (collecting cases approving ERISA class actions under Rule 23(b)(1)(A)-(B)).  As the classes are defined, the interests of class members in the current suit are limited to their interests in the two Plans at issue.  Adjudication

---

[1] The Court notes that all other named defendants have not yet appeared in this matter.

2

relating to the interests of certain class members could therefore be dispositive of the interests of other members, and at this time the Court can identify no countervailing considerations that would render certification under Rule 23(b)(1)(B), with no right to opt out, inappropriate.

Under Rule 23(c)(2), notice is not required for classes that are certified under Rule 23(b)(1) or 23(b)(2). <u>See</u> Fed. R. Civ. P. 23(c)(2). However, Rule 23(c)(1) allows the court to direct notice to the class "as appropriate." <u>Id.</u> 23(c)(1). The Court, sua sponte, finds that it would be appropriate to keep all class members apprised of the status of this suit, even though the Court finds no reason to permit members to opt out of the class at this time. Plaintiffs are ORDERED to prepare and submit to this Court a Class Notice, within fourteen (14) days of the date of this Order or sooner if practicable. The Notice will notify all prospective class members of the certification of this class, and will conform with the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure (except that it should not notify class members of a right to be excluded from the class). Plaintiffs will attach a proposed order approving the Notice and requiring distribution to the class members.

IT IS SO ORDERED

Dated: October 2, 2009

_____
UNITED STATES DISTRICT JUDGE