IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JERRY VAUGHN and THERESA TRAVERS,<br><br>Plaintiffs,<br><br>v.<br><br>BAY ENVIRONMENTAL MANAGEMENT INC., CAESAR NUTI, DENNIS VARNI, MARIO AQUILINO, LOYD BONFANTE SR., JOSEPH DELLA ZOPPA, ESTATE OF RICHARD GRANZELLA SR., EDWARD MENOSSE, PASQUALE PARENTI, FSC SECURITIES CORPORATION, and JERROLD N. WEINBERG<br><br>Defendants. | Case No. C03-5725 SC<br><br>**[PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT** |
| FSC SECURITIES CORPORATION and JERROLD N. WEINBERG,<br><br>Cross-Claimants,<br><br>v.<br><br>BAY ENVIRONMENTAL MANAGEMENT INC., ESTATE OF PINA J. BARBIERI, CAESAR NUTI, and DENNIS VARNI,<br><br>Cross-Defendants. | |

The Parties[1] having filed their Stipulation and Agreement of Compromise and Settlement of Class Action on October 12, 2010 (the "Settlement"), the terms of which are incorporated in

---

[1] The initial capitalization of a term indicates its usage as defined in the Settlement.

their entirety by this reference, and upon consideration of Plaintiffs' Unopposed Motion for Approval of Settlement, Settlement Allocation, and Incentive Awards, and for Entry of Final Judgment; the Declaration of Teresa S. Renaker in support thereof; and Class Counsel's Motion for Award of Attorneys' Fees and Costs (collectively the "Motions");

The Court having entered an Order Preliminarily Approving Class Action Settlement, Directing Notice to Class, and Setting Final Approval and Fairness Hearing (the "Preliminary Approval Order") on November 15, 2010 (Dkt. No. 220), which specified the manner in which Class Counsel was to provide notice of the proposed Settlement to the Class and scheduled a hearing at which the Court would determine whether to approve the Settlement;

The Court having found that the Class received valid, due, and sufficient notice in conformity with the requirements of Rule 23;[2]

A Final Approval and Fairness Hearing having been held on February 18, 2011, at which all interested persons were given a full opportunity to object to, or be heard regarding, the Settlement, and the Court having read and fully considered all submissions made in connection with the proposed Settlement;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  The Court has jurisdiction over the Litigation and over all Parties in the Litigation pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 1132(e).

2.  In accordance with the Court's Preliminary Approval Order, notice was timely given by mail to all members of the Class who could be identified and whose addresses could be ascertained with reasonable effort. The form and manner of delivery to the Class met the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all members of the Class.

3.  The motion for final approval of the Settlement is hereby GRANTED. The Court has reviewed the Settlement, the Settlement Fund of $1,900,000.00, and all related terms and conditions, and finds them fair, reasonable, and adequate in all respects. The parties to the Settlement are authorized and directed to consummate the Settlement and to perform under the

---

[2] All rule references are to the Federal Rules of Civil Procedure.

terms of the Settlement. The Litigation, including the Amended Complaint and the Cross-Claim, is dismissed on the merits with prejudice. This dismissal shall and does include any and all claims that were asserted in the Amended Complaint and the Cross-Claim, or are expressly covered by the Settlement.

4. Named Plaintiffs and each of the Class Members, individually and on behalf of the Releasors, fully, completely, and finally settle and discharge the Released Claims, subject to a single condition subsequent: the filing of the Implementation Notice by the Parties.

5. Subject to the condition subsequent set forth in this Order, Named Plaintiffs and each and every Class Member shall be bound by the Settlement, shall have exclusive recourse to the benefits, rights, and remedies provided by the Settlement regarding the Released Claims, and shall be precluded from pursuing any other action, demand, suit or other claim, in any judicial or administrative forum whatsoever, against the Released Persons with respect to the Released Claims.

6. Subject to the condition subsequent set forth in this Order, the revived Bay Environmental Pension Plan and Bay Environmental Retirement Plan ("the Plans") shall be deemed to have fully, completely, and finally settled and discharged the Released Claims. The Plans shall be bound by the Settlement, shall have exclusive recourse to the benefits, rights, and remedies provided by the Settlement, and shall be precluded from pursuing any other action, demand, suit, or other claim, in any judicial or administrative forum whatsoever, against the Released Persons with respect to the Released Claims.

7. Subject to the condition subsequent set forth in this Order, the BEM Releasors absolutely and unconditionally release and forever discharge the FSC Releasees from Defendants' Released Claims, and the FSC Releasors absolutely and unconditionally release and forever discharge the BEM Releasees from Defendants' Released Claims.

8. Nicholas L. Saakvitne is appointed as Administrator of the Settlement, Successor Trustee, Plan Administrator, and Named Fiduciary of the Plans, pursuant to the terms of the Fiduciary Services Agreement attached to the Settlement as Exhibit E. There are no other fiduciaries to the Plans.

9. The Administrator shall implement the Settlement in accordance with Paragraphs 5.10 and 5.11 of the Settlement.

10. The Plan of Allocation set forth in redacted form as Exhibit A hereto is hereby APPROVED.

11. The request for incentive awards to each of the Named Plaintiffs, to be paid from the Settlement Fund, is hereby GRANTED in the amount of $15,000.00 each. In accordance with the terms of the Settlement, such incentive awards shall be paid within ten (10) business days after the Effective Date.

12. For the reasons set forth in Class Counsel's motion for an award of attorney fees and reimbursement of expenses, that motion is hereby GRANTED and Class Counsel is awarded $570,000 in attorneys' fees and $88,962.13 in costs, to be paid from the Settlement Fund. In accordance with the terms of the Settlement, such fees and expenses shall be paid within ten (10) business days after the Effective Date.

13. The Court reserves jurisdiction over the implementation of the Settlement for all purposes, including (without limitation) all matters relating to the administration, interpretation and effectuation of the Settlement and this Order.

14. Upon completion of the implementation of the Settlement, the Parties shall submit the Implementation Notice to the Court, substantially in the form attached to the Settlement as Exhibit D.

15. Upon the filing of the Implementation Notice, the condition subsequent referenced in Paragraphs 4 through 7 of this Order will be satisfied.

There is no just reason for delay in the entry of this Order Approving Settlement and Final Judgment and the Clerk of the Court is directed to enter the same forthwith as the final judgment in this action pursuant to Rule 58.

Dated: February 22, 2011

_____
Honorable Samuel Conti
United States District Judge